**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

RYAN V. HARRIS (#391818)                    CIVIL ACTION

VERSUS

LA. DEPT. OF CORR., ET AL.                  NO. 15-342-JWD-SCR

**ORDER TO PAY FULL FILING FEE**

Before the Court is the plaintiff's Motion to Proceed *In Forma Pauperis* (R. Doc. 2).

*Pro se* plaintiff, an inmate incarcerated at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Social Worker Alexia Carey and Sgt. Lazard, complaining that his constitutional rights were violated on June 27, 2014, when the defendants failed to protect him from harm on that date, resulting in the plaintiff being attacked by another inmate.

The statute applicable to the granting of pauper status to inmates in civil proceedings, 28 U.S.C. § 1915(g), makes clear that the plaintiff is not entitled to proceed as a pauper in this case.  This statute provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  *See also Adepegba v. Hammons*, 103 F.3d 383,
385 (5th Cir. 1996).

A review of the records of the federal courts reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1]  Because it is clear that the plaintiff is barred from proceeding *in forma pauperis* in this case,[2] the plaintiff's Motion to Proceed *In Forma Pauperis* must be denied, and the plaintiff shall be required to pay the full amount of the Court's filing fee.

Therefore;

**IT IS ORDERED** that the plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**

**IT IS FURTHER ORDERED** that the plaintiff is granted 21 days from the date of this order to pay the full filing fee, which is

---

1. Cases filed by the plaintiff which have been dismissed by this Court or by the Court of Appeal as frivolous or for failure to state a claim include, but are not limited to, *Ryan Vantrell Harris v. Dixon Correctional Institute, et al.,* Civil Action No. 11-0481-BAJ-SCR (M.D. La.), *Ryan Vantrell Harris v. Dixon Correctional Institute, et al.,* Civil Action No. 11-0643-JJB-SCR (M.D. La.), and *Ryan V. Harris v. Louisiana Department of Correction & Public Safety,* Civil Action No. 14-0800-SDD-SCR (M.D. La.).

2. The allegations of the plaintiff's Complaint do not fall within the "imminent danger" exception to the statute.

400.00,.  The filing fee must be paid in full in a single

payment.  No partial payments of fees will be accepted. Failure

to pay the filing fee within 21 days may result in the dismissal

of the plaintiff's Complaint without further notice.

Baton Rouge, Louisiana, July 14, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE