UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RYAN V. HARRIS (#391818)**                        CIVIL ACTION

**VERSUS**

**LA. DEPT. OF CORR., ET AL.**                      NO. 15-0342-JWD-SCR

RULING

On July 14, 2015, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court entered an Order denying the plaintiff's motion to proceed *in forma pauperis* herein and ordering him to pay, within twenty-one (21) days, the full amount of the Court's filing fee. *See* R. Doc. 3. The plaintiff was placed on notice that a failure to comply with the Court's Order within the time allowed "may result in the dismissal of the plaintiff's Complaint without further notice." *Id.* A review of the record now reflects that the plaintiff has failed to comply with the Court's directive. Instead, on August 17, 2015, the plaintiff filed an untimely "Objection" (R. Doc. 4), contesting the Court's finding that he has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g).

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall

be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 21 days.[2] Because of his failure

---

[1]. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Ryan Vantrell Harris v. Dixon Correctional Institute, et al.*, Civil Action No. 11-0481-BAJ-SCR (M.D. La.), *Ryan Vantrell Harris v. Dixon Correctional Institute, et al.*, Civil Action No. 11-0643-JJB-SCR (M.D. La.), and *Ryan V. Harris v. Louisiana Department of Correction & Public Safety,* Civil Action No. 14-0800-SDD-SCR (M.D. La.). The plaintiff's assertion that it is not fair to count all three of these cases as strikes, see R. Doc. 4, is without merit.

[2]. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained in 28 U.S.C. § 1915(g). *See* R. Doc. 3 n. 2.

to do so within the time allowed, the above-captioned proceeding shall be dismissed. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this ___24___ day of August, 2015.

JOHN W. deGRAVELLES
UNITED STATES DISTRICT JUDGE